UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS FOOTE and SEAN McCALL, individually, and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| ASUDA HOLDINGS LLC and SHAMIM M. MOHSIN, | § § § | JURY DEMANDED |
| Defendants. | § § § § | |

# ORIGINAL COLLECTIVE ACTION COMPLAINT

## PRELIMINARY STATEMENT

Asuda Holdings LLC and Shamim M. Mohsin, one of Asuda's Managing Directors (together, "Defendants"), violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), by failing to pay their cashier employees for all hours worked and for overtime. Thomas Foote and Sean McCall (together, "Plaintiffs") bring this collective action on behalf of themselves and all those similarly situated to recover the unpaid wages owed to them resulting from this violation of law.

## PARTIES

1. Defendant Asuda Holdings LLC ("Asuda") is a Texas Limited Liability Company and may be served by serving Shamim M. Mohsin, its agent for service of process, at 309 Boulder Street, Southlake, Texas 76092, or wherever he may be found. Asuda is a franchise licensee of 7-Eleven, Inc. ("7-Eleven") stores located in Texas.

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 1

2. Defendant Shamim M. Mohsin ("Mohsin") is a Managing Director of Asuda, and may be served by serving him at 309 Boulder Street, Southlake, Texas 76092, or wherever he may be found.

3. At all relevant times Mohsin acted and acts directly in the interest of Asuda in relation to its failure to pay overtime. Thus he was and is an additional employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the FLSA and is jointly, severally, and individually liable for the unpaid wages, liquidated damages, and attorneys' fees, along with Asuda.

4. Upon information and belief, Mohsin exercised operational control of Asuda by, among other things, controlling the company's finances, managing its stores, and controlling the franchise relationship with the franchisor of 7-Eleven stores.

5. Upon information and belief, Mohsin is the ultimate decision maker with respect to the classification and pay rates paid to Plaintiffs and all others similarly situated. Upon information and belief, Mohsin directly managed and ran the monthly payroll for all of Defendants' offices.

6. Mohsin had the authority to hire and fire Plaintiffs and all others similarly situated.

7. Plaintiffs worked at a 7-Eleven® store owned by Asuda during the three year period preceding the filing of this Complaint. The store at which Plaintiffs worked was located in Tarrant County, Texas. Plaintiffs reside in Tarrant County, Texas. Their consents to participate in this action are attached as Exhibits A and B.

8. Foote and McCall worked as cashiers performing non-exempt job duties such as entering customers' purchases into the cash register, sweeping, mopping, emptying trash, making

coffee, restocking shelves or coolers on occasion, and performed similar non-exempt duties. They had no managerial duties, no managerial authority, and exercised no discretion. Foote and McCall are not exempt from the overtime requirements of the FLSA. Foote and McCall are referred to herein as the "Cashiers" or "Plaintiffs."

9. The Cashiers were and have been paid on an hourly basis calculated at straight time for all hours including hours worked over forty (40) in a workweek. Foote was paid $8.50 per hour and McCall was paid $8.50, including overtime hours. Other similarly situated employees have worked for Defendants without getting paid overtime under the FLSA. Each similarly situated person who participates as a plaintiff in this lawsuit ("Opt-in Plaintiff Class Member") will execute and file a Notice of Consent. Individuals similarly situated to Foote and McCall are the cashiers paid on an hourly basis who work or have worked for Defendants more than forty (40) hours per workweek and were not paid overtime, from three years prior to the filing of this Complaint to the present (collectively, the "Members of the Class").

## JURISDICTION

10. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs have asserted a claim arising under federal law, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## VENUE

11. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b) because Defendants regularly conduct business in this District and the events forming the basis of the suit occurred in this District.

## FLSA COVERAGE

12. At all times mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times mentioned, Defendants have been enterprises engaged in interstate commerce within the meaning of Section 3(s)(l) of the FLSA, 29 U.S.C. § 203(s)(l). Defendants have had employees engaged in interstate commerce, and Defendants have had and have an annual gross volume of sales made or business done of not less than $500,000 during the relevant time period.

15. At all times mentioned, Plaintiffs and the Members of the Class were and/or are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS AND STATEMENT OF CLAIMS

16. Defendants own several convenience stores under a 7-Eleven® franchise and license in Tarrant, Denton, and Dallas Counties. Defendants are well aware of the FLSA's requirements.

17. During the relevant time period, the Cashiers and the Members of the Class worked or work on average over forty (40) hours per week.

18. Cashiers enter customers' purchases into the cash register, sweep, mop, empty trash, make coffee, restock shelves or coolers on occasion, and perform similar non-exempt duties. They do not perform exempt work and are not otherwise exempt from the FLSA requirements to pay time and a half for time worked over forty (40) hours in a workweek. In

performing their duties, the Cashiers were employees engaged in commerce handling goods or materials that have been moved in and/or produced for commerce within the meaning of the FLSA.

19.     The Cashiers are aware of other current and former employees who are similarly situated in that they are cashiers who are not paid for all hours worked and are not exempt. Defendants have implemented and applied the same policies for its employees who work as cashiers.  Therefore, pursuant to 29 U.S.C. § 219(b), the Cashiers sue on behalf of themselves and all other employees regardless of their title who are similarly situated employees.  The Cashiers also request that the Court authorize their counsel to provide notice to similarly situated employees without regard to their job title during the pendency of this action and apprise them of their right to join this lawsuit.

20.     Defendants withheld from paychecks to Plaintiffs and the Members of the Class amounts for Social Security and Medicare taxes but not for federal income tax.  Defendants provided Internal Revenue Service Form W-2's to their employees.  Defendants told their employees that they were not entitled to be paid time and one-half for their hours worked over forty (40) in a work week because they were classified as "independent contractors."  On information and belief, Defendants classified all of their employees in all positions as "independent contractors."  The fact that they were provided with W-2's and had Social Security and Medicare contributions deducted from their paychecks belies the claim that Cashiers are independent contractors.

21.     The services provided by Plaintiffs and the Members of the Class were integrated into Defendants' business operation.

22. All services provided for Defendants by Plaintiffs and the Members of the Class were required by Defendants to be performed by them personally.

23. Plaintiffs and the Members of the Class did not have the capability or authority to hire, supervise, or pay assistants to help them perform the services that they were being paid to perform.

24. The relationship between Defendants and Plaintiffs (and the Members of the Class) was a continuing relationship.

25. Defendants set all days and hours of work for Plaintiffs and the Members of the Class, and required that such work be performed at Defendants' places of business only.

26. Plaintiffs and the Members of the Class were prohibited from setting their own work schedule.

27. Plaintiffs and the Members of the Class were required by Defendants to devote their full time to their job at Defendants' places of business and were prohibited from performing any other work.

28. Defendant provided Plaintiffs and the Members of the Class all materials, equipment, and supplies to perform their work, thus there were no business and/or traveling expenses.

29. Plaintiffs and the Members of the Class had no investment in the facilities where they were required to perform their jobs.

30. Plaintiffs and the Members of the Class had no opportunity to realize either a profit or a loss, other than their non-guaranteed wages.

31. Plaintiffs and the Members of the Class did not and were not able to make their services available to the general public.

32. Plaintiffs and the Members of the Class were subject to termination for reasons other than nonperformance of contract specifications.

33. Plaintiffs and the Members of the Class were able to terminate their relationship with Defendants without incurring liability for failure to complete a job.

34. Plaintiffs and the Members of the Class were, therefore, employees of Defendants, and not independent contractors.

35. Plaintiffs and the Members of the Class were required to work specific and set hours, which significantly exceeded forty (40) hours per workweek.

36. Defendants made no income withholdings from the hourly wage paid to the Plaintiffs or the Members of the Class for federal income tax, thereby avoiding paying thousands of dollars in required federal employment-related taxes.

37. Defendants made no guaranteed minimum pay per week, such that Plaintiffs and the Members of the Class were paid only when they worked, and with no minimum workweek being guaranteed.

38. Plaintiffs and the Members of the Class were not guaranteed any specific number of paid hours in any workweek and they were not paid on a salary basis.

39. Defendants' conduct described above constitutes a willful and intentional violation of the FLSA. Defendants are aware of their responsibility to pay Plaintiffs and the Members of the Class for all hours worked, including all overtime paid at one and one-half times the regular rate. Defendants are well aware of the number of hours their employees work, but Defendants still refuse to pay overtime for hours worked over forty (40) in a workweek.

## INDIVIDUAL ALLEGATIONS

40. Section 7(a)(1) of FLSA, 29 U.S.C. § 207(a), provides:

"[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

41. During the relevant period, Plaintiffs regularly worked more than forty hours in a workweek. They were entitled to be paid overtime compensation as provided under Section 7(a) of the FLSA, 29 U.S.C § 207(a), for all hours worked in excess of forty hours in a workweek.

42. No exemption excused Defendants from paying Plaintiffs overtime compensation and Defendants have not made a good faith effort to comply with the FLSA. Defendants instead knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the amounts Plaintiffs were paid. Defendants' failure to pay Plaintiffs for all overtime worked is and was a clear violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

43. The Members of the Class had similar schedules and responsibilities as Plaintiffs. The Members of the Class were subjected to the same pay practices and policies as the Plaintiffs. The Members of the Class are similarly situated cashiers.

44. Although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are similarly situated in terms of pay provisions.

45. Defendants' failure to pay overtime compensation as required by the FLSA results from generally applicable policy, practices, and enforced job requirements that do not depend on

the personal circumstances of the Members of the Class. The generally applicable policies are specifically prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experience of the Members of the Class.

46. No justification exists for Defendants' failure to pay the Members of the Class for all hours worked. Likewise, no exemption exists to excuse Defendants' failure to pay overtime pay for all hours worked over forty (40) hours per workweek. Defendants have not made a good faith effort to comply with the FLSA with respect to the Members of the Class. The Members of the Class are not independent contractors. Instead, Defendants knowingly, willfully, with intent or with reckless disregard carried out an illegal pattern or practice regarding the amount the Members of the Class were paid. Defendants' failure to pay the Members of the Class for all overtime worked is and was a clear, willful, and intentional violation of the FLSA.

47. Plaintiffs and the Members of the Class have consistently worked more than forty (40) hours in most workweeks.

48. Plaintiffs and the Members of the Class have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in most workweeks since at least summer of 2014.

49. Plaintiffs and the Members of the Class are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period of approximately early 2014 to the present.

50. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All current and former cashiers and other misclassified independent contractors and/or employees of Defendants performing cashier duties regardless of the title they were initially or later given by Defendnats, who worked more than forty (40) hours in a workweek and were not paid overtime for the hours in excess of forty (40) during the three year period preceding the filing of this Complaint.

51. Defendants have violated Section 207 of the FLSA, 29 U.S.C. § 207 by failing to pay the Plaintiffs, and the Members of the Class, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

52. Defendants' violations have been willful.

53. There are questions of law and fact common to the class/collective.

54. The claims or defenses of the representatives, Plaintiffs Foote and McCall, are typical of the claims or defenses of the class/collective.

55. The representatives, Plaintiffs Foote and McCall, will fairly and adequately protect the interests of the class/collective.

56. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

57. There are no conflicts of interest among the class/collective members.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

58. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth in their entirety.

59. During the relevant period, Defendants violated Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Plaintiffs and the Members of the Class work more than forty (40) hours in a workweek without receiving pay at one and one-half times their regular rates for all hours worked in excess of forty (40) hours. Defendants have acted willfully in failing to pay Plaintiffs and the Members of the Class in accordance with the law. *See* 29 U.S.C. § 255(a).

60. Plaintiffs and the Members of the Class are therefore entitled to their unpaid wages at one and one-half times their regular pay for all hours worked in excess of forty hours in a workweek.

61. Plaintiffs and the Members of the Class are entitled to an additional amount equal to all of their unpaid overtime compensation as liquidated damages.

62. Plaintiffs and the Members of the Class also are entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest. *See* 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiffs hereby demands a trial by jury.

## RELIEF SOUGHT

Plaintiffs and the Members of the Class request judgment against Defendant awarding:

a. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former cashiers and other misclassified independent contractors of Defendants performing cashier duties regardless of what title they were initially or later given by Defendants, and that a notice therefore be distributed to all putative class/collective members.

b. Unpaid overtime wages due to Plaintiffs and the Opt-in Plaintiff Class Members;

c. Liquidated damages equal in amount to the unpaid overtime wages due to Plaintiffs and the Opt-in Plaintiff Class Members;

d. Reasonable attorneys' fees;

e. Costs and expenses;

f. Pre- judgment and post-judgment interest at the highest rates allowed by law; and

g. Such other relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
Attorney-in-Charge
State Bar No. 10474900
Southern District of Texas ID No. 16372
jspencer@spencerscottlaw.com
Mary L. Scott *(application for admission pending)*
State Bar No. 17906750
mscott@spencerscottlaw.com
James E. Hunnicutt *(application for admission pending)*
State Bar No. 24054252
jhunnicutt@spencerscottlaw.com
Spencer Scott pllc
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240-6271
(972) 458-5319 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFFS THOMAS FOOTE AND SEAN MCCALL**